IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIE INSURANCE COMPANY A/S/O CONSTANCE DREW | : : : |
| Plaintiff, | : : NO. 1:20-cv-00917 |
| v. | : : |
| W.M. BARR & COMPANY, INC., *et al.* | : : |
| Defendants. | : : |

## AMENDED COMPLAINT

Plaintiff, Erie Insurance Company a/s/o Constance Drew, by and through its counsel, Matthew J. Youssef, and Niles, Barton & Wilmer, LLP, hereby files this Amended Complaint and states as follows:

## PARTIES

1. Plaintiff, Erie Insurance Company a/s/o Constance Drew (hereinafter "Erie"), is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 Erie Insurance Place, Erie Pennsylvania.

2. At all times relevant hereto, Erie engaged in the business of, among other things, underwriting property insurance and was authorized to conduct business in the District of Columbia.

3. At all times relevant herein, Erie issued a policy of insurance to Constance Drew (hereinafter "Drew") that covered real and personal property located at 55 Franklin Street NE Washington, DC 20001 (hereinafter "Property").

4. At all times relevant hereto, the Property was used as a rental property and was tenant occupied.

5. Defendant, W.M. Barr & Company, Inc. (hereinafter "Barr"), is a corporation organized and existing under the State of Tennessee with a principal place of business located at 6750 Lenox Center Court, Suite 200, Memphis, TN 38115-4281.

6. At all times relevant hereto, Barr engaged in the business of, among other things, manufacturing commercial and residential cleaning products, including Klean Strip Acetone.

7. Defendant, Weiman Products LLC (hereinafter "Weiman"), is a limited liability company organized and existing under the State of Delaware with a principal place of business located at 755 Tri-State Parkway, Gurnee, IL60603  and a registered agent listed as Alexander B. Young, 233 S. Wacker Drive, Suite 7100, Chicago, IL 60606

8. At all times relevant hereto, Weiman engaged in the business of, among other things, manufacturing commercial and residential cleaning products, including Goo Gone 24oz Original Spray Gel.

9. Defendant, Uptown Office Inc. d/b/a Robert Green (hereinafter "Green"), is a sole proprietor with a principal place of business located at 2903 Georgia Ave NW, Washington, DC 20001.

10. At all times relevant hereto, Green was in the business of, among other things, performing residential construction and renovation projects.

**FACTS COMMON TO ALL COUNTS**

11. Prior to June 28, 2018, the Property owned by Drew was experiencing water intrusion in the basement.

12. Upon information and belief, Drew retained Green to perform repairs and renovations to the exterior and interior walls of the Property as a result of water intrusion.

13. Upon information and belief, once the leak was repaired, Green coated the interior wall with exterior epoxy not for indoor use and then framed, dry walled and painted walls.

14. Further, upon information and belief, at the direction of Green, two workers used Klean Strip Acetone manufactured by Barr and Goo Gone 24oz Original Spray Gel manufactured by Weiman to clean up the epoxy that was on the floor at the Property.

15. Green applied the Klean Strip Acetone and Goo Gone 24oz. Original Spray Gel to areas of the wall and floor where the epoxy had deposited.

16. While cleaning, the Green employees and/or representatives noticed a flame and then an explosion occurred.

17. Upon information and belief, the explosion was caused when the fumes, gases, byproducts and contents of the Klean Strip Acetone manufactured by Barr and Goo Gone 24oz Original Spray Gel manufactured by Weiman were ignited by the activation of an electrical circuit or open flame within the mechanical equipment present in the basement of the Property.

18. As a result of the explosion on June 28, 2018, the Property sustained damages to the recently made repairs and windows that were blown out.

19. As a direct and proximate result of the explosion, Drew sustained real and personal property losses and damages in the amount of $149,352.19.

20. Pursuant to its policy of insurance with its insured, Erie has paid to its insured, and on its behalf, in the amount of $149,352.19 and has become subrogated to the rights of insured to the extent of such payments.

## COUNT I – NEGLIGENCE
## ERIE v. BARR

21. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

22. The above-described explosion resulted solely from the negligence and carelessness of Barr.

23. Barr had a duty to persons such as Plaintiff's insured to exercise due care in the manufacturing and application instructions and guidelines provided with the Klean Strip Acetone so as to avoid causing losses and other damages.

24. The explosion loss of June 28, 2018, and the resultant damages were caused by the negligence and negligent acts and/or omissions of Barr as follows:

   a) Failing to properly manufacture the Klean Strip Acetone;

   b) Failing to provide detailed application instructions and guidelines for Klean Strip Acetone;

   c) Failing to advise in a clear and understandable manner that the product was flammable;

   d) Failing to place clear, concise, understandable and legible warnings on the product regarding the risk of fire or explosion;

   e) Failing to inform users of the product of the danger or risk of fire or explosion;

   f) Failing to provide warnings which set forth the risk to be encountered and the risk of injury that could result from disregarding the warnings;

   g) Failing to accurately, fully and completely convey to users the dangers posed by using the product i) indoors, ii) in an unventilated area, iii) near an open flame, iv) near energized electrical equipment;

      h) Providing insufficient instructions regarding the utilization of Klean Strip Acetone;

      i) Failing to warn of the dangers of fire and explosion when using Klean Strip Acetone;

      j) Failing to warn of the dangers of using Klean Strip Acetone indoors;

      k) Failing to warn of the need to properly ventilate when using Klean Strip Acetone; and

      l) Failing to warn about the dangers of using Klean Strip Acetone near an open flame.

25. By virtue of the above-referenced conduct, acts and/or omissions, Barr breached its duty of care to Plaintiff's insured.

26. The explosion loss of June 28, 2018 was a direct and proximate result of Barr's careless and negligent conduct, acts and/or omissions as averred above.

27. As a direct and proximate result of the explosion loss, Drew sustained real and personal property losses and damages in the amount of $149,352.19.

28. As a result of the explosion loss, Plaintiff, Erie, has made payments in the amount of $149,352.19 to its insured, Drew, in accordance with the terms and conditions of its insurance agreement with Drew.

29. By virtue of its payments to Drew in accordance with the terms and conditions of the aforementioned insurance policy, Plaintiff, Erie, is now subrogated to Drew's rights of recovery to the extent of payments made.

WHEREFORE, Plaintiff demands judgment in her favor and against Barr in the amount of $149,352.19, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT II – NEGLIGENCE
### ERIE v. WEIMAN

30. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

31. The above-described fire loss resulted from the negligence and carelessness of Weiman.

32. Weiman had a duty to persons such as Plaintiff's insured to exercise due care in the manufacturing and application instructions and guidelines of the Goo Gone 24oz Original Spray Gel so as to avoid causing losses and other damages.

33. The explosion loss of June 28, 2018, and the resultant damages were caused by the negligence and negligent acts and/or omissions of Weiman as follows:

   a) Failing to properly manufacture the Goo Gone 24oz Original Spray Gel;

   b) Failing to provide detailed application instructions and guidelines for Goo Gone 24oz Original Spray Gel;

   c) Providing improper instructions with the Goo Gone 24oz Original Spray Gel;

   d) Providing insufficient instructions regarding the utilization of Goo Gone 24oz Original Spray Gel;

   e) Failing to warn of the dangers of fire and explosion when using Goo Gone 24oz Original Spray Gel;

   f) Failing to warn of the dangers of using Goo Gone 24oz Original Spray Gel indoors;

    g) Failing to warn of the need to properly ventilate when using Goo Gone 24oz Original Spray Gel; and

    h) Failing to warn about the dangers of using Goo Gone 24oz Original Spray Gel near an open flame.

34. By virtue of the above-referenced conduct, acts and/or omissions, Weiman breached its duty of care to Plaintiff's insured.

35. The explosion loss of June 28, 2018 was a direct and proximate result of Weiman's careless and negligent conduct, acts and/or omissions as averred above.

36. As a direct and proximate result of the explosion loss, Drew sustained real and personal property losses and damages in the amount of $149,352.19.

37. As a result of the explosion loss, Plaintiff, Erie, has made payments in the amount of $149,352.19 to its insured, Drew, in accordance with the terms and conditions of its insurance agreement with Drew.

38. By virtue of its payments to Drew in accordance with the terms and conditions of the aforementioned insurance policy, Plaintiff, Erie, is now subrogated to Drew's rights of recovery to the extent of payments made.

WHEREFORE, Plaintiff demands judgment in her favor and against Weiman in the amount of $149,352.19, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT III – NEGLIGENCE
### ERIE v. GREEN

39. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

40. The above-described fire loss resulted solely from the negligence, carelessness, and recklessness of Green, his employees, representatives, and/or workers.

41. Green had a duty to persons such as Plaintiff's insured to exercise due care in the repairs, use and application of the Klean Strip Acetone and Goo Gone 24oz Original Spray Gel so as to avoid causing losses and other damages.

42. The explosion loss of June 28, 2018, and the resultant damages were caused by the negligence and negligent acts and/or omissions of Green, his employees, representatives, and/or workers as follows:

   a) Failing to properly use and apply the Klean Strip Acetone at the Property;

   b) Failing to properly use and apply the Goo Gone 24oz Original Spray Gel at the Property;

   c) Failing to use the correct products to perform the repairs at the Property;

   d) Failing to read, know, understand and follow the instructions for using the Goo Gone 24oz Original Spray Gel at the Property;

   e) Failing to read, know, understand and follow the instructions for using the Klean Strip Acetone at the Property;

   f) Failing to properly ventilate the work area at the Property; and

   g) Using chemicals, explosive and/or flammable products on or near an open flame, electrical components and other sources of heat and sparks at the Property.

43. By virtue of the above-referenced conduct, acts and/or omissions, Green breached its duty of care to Plaintiff's insured.

44. The explosion loss of June 28, 2018 was a direct and proximate result of Green's careless and negligent conduct, acts and/or omissions as averred above.

45. As a direct and proximate result of the explosion loss, Drew sustained real and personal property losses and damages in the amount of $149,352.19.

46. As a result of the explosion loss, Plaintiff, Erie, has made payments in the amount of $149,352.19 to its insured, Drew, in accordance with the terms and conditions of its insurance agreement with Drew.

47. By virtue of its payments to Drew in accordance with the terms and conditions of the aforementioned insurance policy, Plaintiff, Erie, is now subrogated to Drew's rights of recovery to the extent of payments made.

WHEREFORE, Plaintiff demands judgment in her favor and against Green in the amount of $149,352.19, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT IV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### ERIE v. BARR

48. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

49. Barr implied that the Klean Strip Acetone would be manufactured in with the necessary knowledge, skill, care and ability for use as Acetone.

50. Barr breached this agreement when it improperly manufactured, distributed and/or sold the Klean Strip Acetone.

51. Barr, by and through its agents, workmen and employees, was entrusted to manufacture, distribute and/or sell the Klean Strip Acetone.

52. Plaintiff relied on Barr's skill, judgment and implied warranty of fitness for a particular purpose, as well as the other warranties made by Barr, with respect to the Klean Strip Acetone.

53. Barr, by and through its agents, workmen and employees, breached the above-mentioned implied warranty of fitness for a particular purpose by failing to properly manufacture, distribute and/or sell the Klean Strip Acetone with all necessary and proper warnings and instructions.

54. As a direct and proximate result of the explosion loss, Drew sustained real and personal property losses and damages in the amount of $149,352.19.

55. As a result of the explosion loss, Plaintiff, Erie, has made payments in the amount of $149,352.19 to its insured, Drew, in accordance with the terms and conditions of its insurance agreement with Drew.

56. By virtue of its payments to Drew in accordance with the terms and conditions of the aforementioned insurance policy, Plaintiff, Erie, is now subrogated to Drew's rights of recovery to the extent of payments made.

WHEREFORE, Plaintiff demands judgment in her favor and against Barr in the amount of $149,352.19, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## ERIE v. WEIMAN

57. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

58. Weiman implied that the Goo Gone 24oz Original Spray Gel would be manufactured with the necessary knowledge, skill, care and ability.

59. Weiman breached this agreement when it improperly manufactured, distributed and/or sold the Goo Gone 24oz Original Spray Gel.

60. Weiman, by and through its agents, workmen and employees, was entrusted to manufacture, distribute and/or sell the Goo Gone 24oz Original Spray Gel.

61. Plaintiff relied on Weiman's skill, judgment and implied warranty of fitness for a particular purpose, as well as the other warranties made by Weiman, with respect to the Goo Gone 24oz Original Spray Gel.

62. Weiman, by and through its agents, workmen and employees, breached the above-mentioned implied warranty of fitness for a particular purpose by failing to properly manufacture, distribute and/or sell the Goo Gone 24oz Original Spray Gel with all necessary and proper warnings and instructions.

63. As a direct and proximate result of the explosion loss, Drew sustained real and personal property losses and damages in the amount of $149,352.19.

64. As a result of the explosion loss, Plaintiff, Erie, has made payments in the amount of $149,352.19 to its insured, Drew, in accordance with the terms and conditions of its insurance agreement with Drew.

65. By virtue of its payments to Drew in accordance with the terms and conditions of the aforementioned insurance policy, Plaintiff, Erie, is now subrogated to Drew's rights of recovery to the extent of payments made.

WHEREFORE, Plaintiff demands judgment in her favor and against Weiman in the amount of $149,352.19, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT VI – BREACH OF WARRANTY
### ERIE v. GREEN

66. Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

67. Green implied that the repair work would be performed in a workmanlike manner and with the necessary knowledge, skill, care and ability.

68. Green breached this agreement when he improperly performed the repair work at the Property.

69. Green, by and through its agents, workmen and employees, was entrusted to perform the repair work at the Property.

70. Plaintiff relied on Green's skill, judgment and implied warranty of workmanlike performance, as well as the other warranties made by Green, with respect to the repair work at the Property.

71. Green, by and through its agents, workmen and employees, breached the above-mentioned express and/or implied warranty of workmanlike performance by failing to properly apply and utilize the Klean Strip Acetone and the Goo Gone 24oz Original Spray Gel.

72. As a direct and proximate result of the explosion loss, Drew sustained real and personal property losses and damages in the amount of $149,352.19.

73. As a result of the explosion loss, Plaintiff, Erie, has made payments in the amount of $149,352.19 to its insured, Drew, in accordance with the terms and conditions of its insurance agreement with Drew.

74.     By virtue of its payments to Drew in accordance with the terms and conditions of the aforementioned insurance policy, Plaintiff, Erie, is now subrogated to Drew's rights of recovery to the extent of payments made.

WHEREFORE, Plaintiff demands judgment in her favor and against Green in the amount of $149,352.19, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

Dated: May 21, 2020                                         /s/Matthew J. Youssef
                                                            Matthew J. Youssef, Esquire (#17910)
                                                            Niles, Barton & Wilmer, LLP
                                                            11 S. Calvert Street, Suite 1400
                                                            Baltimore, Maryland 21202
                                                            Tel.: (410) 783-6357
                                                            Fax.: (410) 783-6452
                                                            mjyoussef@nilesbarton.com
                                                            *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May, 2020, copies of the foregoing Plaintiff's Amended Complaint was electronically filed using the court's CM/ECF system and delivered to all counsel of record.

Jon Herman, Esq.
Bowman and Brooke LLP
1064 Greenwood Blvd., Suite 212
Lake Mary, FL 32746
jon.herman@bowmanandbrooke.com
*Counsel for Defendant, W.M. Barr & Company, Inc.*

Patrick K. Burns, Esq.
Philip T. Abbruscato, Esq.
Gordon Rees Scully Mansukhani LLP
1101 King Street, Suite 520
Alexandria, VA 22314
pburns@grsm.com
pabbruscato@grsm.com
*Counsel for Defendant, Weiman Products, LLC*

                                        /s/ Matthew J. Youssef
                                        Matthew J. Youssef, Esq.