IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIE INSURANCE COMPANY<br>A/S/O CONSTANCE DREW<br><br>**Plaintiff,**<br><br>v.<br><br>WEIMAN PRODUCTS, LLC, *et al.*<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)  **Case No.: 1:20-cv-00917**<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, WEIMAN PRODUCTS LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF, ERIE INSURANCE COMPANY A/S/O CONSTANCE DREW'S AMENDED COMPLAINT**

Defendant Weiman Products LLC ("Weiman"), by counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiff Erie Insurance Company a/s/o/ Constance Drew's ("Plaintiff") claims and allegations against Weiman in their entirety and with prejudice for the reasons set forth below.

**INTRODUCTION**

In this matter, Plaintiff employs a wholly deficient, shotgun pleading approach in an attempt to recover losses for its insured, Constance Drew. It is readily apparent from the face of the Amended Complaint (ECF No. 24) that Plaintiff is without knowledge—or any viable theory—as to any wrongdoing on the part of Weiman, or any other Defendant.

On May 21, 2020, Plaintiff filed its Amended Complaint against Weiman, Uptown Office [sic] Inc. d/b/a Robert Green ("Green"), and W.M. Barr & Company, Inc. ("Barr") alleging negligence and breach of implied warranty of fitness for a particular purpose claims that are nearly identical to the claims set forth in Plaintiff's March 2, 2020 Complaint. Plaintiff seeks recovery

1

for amounts paid to Ms. Drew resulting from property damage allegedly caused by a fire that occurred on June 28, 2019.

Any fair reading of Plaintiff's Amended Complaint reveals that neither cause of action contains a sufficient factual basis to state a claim that is facially *plausible* – as opposed to merely *conceivable* or *possible* – under the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Plaintiff merely asserts a number of conclusory allegations, generally alleging that Weiman is responsible for the explosion that caused injury to Plaintiff. Nonetheless, legal conclusions – unsupported by factual allegations – are insufficient to render Plaintiff's claims facially plausible, and, thus, subject to dismissal.

For these reasons, and as further explained below, all claims asserted against Weiman should be dismissed in their entirety with prejudice.

## **FACTUAL ALLEGATIONS**

Plaintiff is the subrogee of its insured, Constance Drew, through a policy of insurance "that covered real and personal property" located at Ms. Drew's residence ("Residence").  Am. Compl. ¶ 3.  On or about June 28, 2019, Ms. Drew retained Green to "perform repairs and renovations to the exterior and interior walls of the property," damaged by water intrusion, at 55 Franklin Street NE Washington, DC 20001. Compl. ¶¶ 3, 12. At all times relevant, Green was in the business of "performing residential construction and renovation projects." *Id.* ¶ 10.

Upon repairing the leak, Plaintiff claims, upon information and belief, that Green coated an interior wall with unspecified exterior epoxy that Plaintiff claims is not for indoor use. *Id.* ¶ 13. Thereafter, Green "framed, drywalls and painted walls." *Id.*  At some point, possibly during the repair of the Residence, Green identified some epoxy improperly spilled onto the floor of an

unspecified location within the Residence. *See id.* ¶ 14. To clean up the epoxy, Plaintiff claims Green directed two workers to use two products "upon information and belief": "Klean Strip Acetone manufactured by Barr, and Goo Gone 24oz Original Spray Gel ("Goo Gone") manufactured by Weiman." *Id.* ¶ 14.

Following an unspecified amount of time after Green "used" the Klean Strip Acetone and Goo Gone, and without further detail, Plaintiff claims that Green's employees and/or representatives, "while cleaning," suddenly "noticed a flame and then an explosion occurred." *Id.* ¶ 13. Plaintiff claims "upon information and belief" that "fumes, gases, byproducts, and contents of the Klean Strip Acetone manufactured by Barr and Goo Gone 24oz Original Spray Gel manufactured by Weiman" caused the explosion which was activated by "an electrical circuit or open flam within the mechanical equipment present in the basement of the property." *Id.* ¶ 17. Plaintiff claims it paid damages to Ms. Drew as a result of the explosion. *Id.* ¶¶ 18-20.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides for dismissal where an action fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When ruling on a defendant's motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim

to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Although many well-pleaded complaints are conclusory, the court need not accept as true inferences that are unsupported by facts, or legal conclusions casts as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004).

Based on the above standards, and as demonstrated more fully below, all claims against Weiman should be dismissed in their entirety.

## ARGUMENT

**I.     Plaintiff's Negligence Claim (Count II) Fails as a Matter of Law Because it Rests Exclusively on Conclusory Allegations as to Breach and Causation**

Three subcategories of products liability claims are recognized in the District of Columbia: manufacturing defect, design defect, and failure to warn. *See Rollins v. Wackenhut Servs.*, 802 F. Supp. 2d 111, 122 (D.C. Cir. 2011) (setting forth the categories of products liability claims recognized by the District of Columbia, and granting dismissal based on the absence of specifics regarding the same); *see also Russell v. G. A. F. Corp.*, 422 A.2d 989, 991 (D.C.1980) (recognizing the same duty of ordinary care is applicable in both strict liability and negligence actions).

Plaintiff alleges Weiman breached its duty owed to Plaintiff based on two central arguments: 1) Weiman failed to "properly manufacture the Goo Gone," and 2) also failed to warn of the alleged dangers of Goo Gone or provide proper instructions as to its use. *See* Am. Compl. ¶¶ 33(a)–(h). As set forth below, Plaintiff's Complaint falls woefully short of the plausibility threshold set forth in *Twombly* and *Iqbal* in pleading its negligence claim, which, accordingly, must be dismissed.

**A.     Plaintiff's Complaint provides no basis for its claim that Weiman improperly designed Goo Gone**

The Amended Complaint's fatal factual gaps leave Defendants with significant guess-

work to ascertain the allegations asserted against them. Plaintiff alleges Weiman failed to "properly manufacture the Goo Gone 24oz Original Gel." Am. Compl. ¶ 33(a). Yet, the Amended Complaint is unclear as to what Plaintiff means by the term "properly manufacture." *See id.*

Based on the allegations in the Amended Complaint and the nature of a negligence cause of action in the products liability context, Plaintiff can only plausibly allude to one of the following: a design defect or manufacturing defect. *See Rollins*, 802 F. Supp. 2d at 122. While Plaintiff claims Weiman improperly manufactured Goo Gone, it presumably intends to assert a design defect claim, as it makes no mention of any actual defect in the manufacturing process of Goo Gone. *See* Am. Compl. ¶¶ 30–38. Plaintiff's allegation that Weiman failed to warn consumers of the "dangers of fire and explosion when using Goo Gone" further suggests Plaintiff intends to assert a design defect claim, as no failure to warn is necessary if the product is not generally dangerous. *See id.* ¶ 33(a), (e)-(h); *Russell v. G. A. F. Corp.*, 422 A.2d 989, 991 (D.C. 1980) (citing *Beier v. International Harvester Co.*, 287 Minn. 400, 402 (1970) (holding that a warning is required only where a product is potentially dangerous in its design)).

To successfully assert that Weiman improperly designed Goo Gone, Plaintiff must, at the very least, allege Weiman failed to exercise reasonable care in designing the product. *Westinghouse Electric Corp. v. Nutt*, 407 A.2d 606, 609 (1979) ("[T]he manufacturer of a chattel will be liable for 'injuries to others expected to use the chattel when the injuries are caused by the lack of reasonable care in adopting a safe plan or design.'"(internal citation omitted)). The word "design" does not appear even once in the Amended Complaint, nor did it appear in the March 2, 2020 Complaint which Weiman noted in its May 13, 2020 Memorandum to Support its Motion to Dismiss. Further, in order to adequately plead a design defect claim, the Amended Complaint must allege that "the risks, costs and benefits of the product in question and alternative designs, and that

the magnitude of the danger from the product outweighed the costs of avoiding the danger." *Rollins*, 802 F. Supp. 2d at 123.  Plaintiff does not bother to even speculate how Goo Gone is defective or directly state that Goo Gone has any flammable properties.  At the most, Plaintiff only plausibly alleges that Goo Gone was responsible for the explosion because its "fumes, gases, byproducts, and contents…were ignited by the activation of an electrical circuit or open flame."  Am. Compl. ¶ 17.  This is insufficient, because the Amended Complaint only presents this as a conclusory allegation, speculating only as to the actual cause of the fire, and even implying that an "open flame" was already present prior to the explosion. *See id*.  Plaintiff fails to allege any deficiency in the Goo Gone used in the incident that would have resulted in it "igniting" and causing an explosion.

> **B.      Plaintiff conclusory allegation that Weiman failed to warn or provide proper instructions for the use Goo Gone is insufficient because Plaintiff fails to allege any causal connection between Goo Gone, the fire, and subsequent explosion**

To sufficiently assert a failure to warn action, the following elements must be sufficiently alleged:

> (1) the defendant had a duty to warn, *i.e.*, knew or should have known of the risk of a reasonably foreseeable harm from the product in question; (2) the defendant breached that duty, *i.e.*, the warning label was inadequate in that it failed to advise the user of the attendant risks and failed to provide specific directions for safe use; and (3) the breach proximately caused the plaintiff's injury, *i.e.*, defendant's failure to provide an adequate warning was a substantial factor in bringing about the harm at issue.

*Fuller v. Chemical Specialties Mfg. Corp.*, 702 A.2d 1239, 1241 (D.C. 1997).  Here, Plaintiff fails to adequately allege any requisite element.

The brevity of this memorandum's recitation of Plaintiff's factual allegations is an accurate depiction of how bare-boned Plaintiff's negligence claim truly is. Plaintiff cannot rely on mere conclusory assertions to draw a causal connection between Goo Gone and the explosion. As

recognized by the Supreme Court, a complaint must set forth facts that plausibly demonstrate a claim for relief. *Twombly*, 550 U.S. at 547. Plausibility means alleging factual content that allows the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663. The facts alleged in this Amended Complaint would not allow a court to make such a reasonable inference. Plaintiff's recitation of the occurrence is a hodgepodge of conclusory allegations, claiming that some undescriptive combination of Acetone, Goo Gone, an electrical circuit, and/or an open flame resulted in explosion. *See* Am. Compl. ¶ 17.

In order to sufficiently allege a failure to warn claim, there must be an *actual* danger requiring a warning. *Russell*, 422 A.2d at 991. Plaintiff does not even bother to specify deficiencies with the Goo Gone warning label, or lack thereof, in its Amended Complaint. Merely reciting the elements of a cause of action with conclusory statements, as Plaintiff has done here, is insufficient to state a cause of action. *Iqbal*, 556 U.S. 662, 663; *see Iqbal*, 556 U.S. at 663 (requiring that a plaintiff allege more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements") (citing *Twombly,* 550 U.S. at 555). Because Plaintiff has failed to allege essential elements of his negligence claim and relies solely on conclusory assertions, Plaintiff's negligence claim must be dismissed.

II.     **Plaintiff Does Not Assert a Cognizable Claim for Breach of Implied Warranty of Fitness for a   Particular Purpose Claim**

The District of Columbia codified the usage and applicability of implied warranties of fitness for a particular purpose under Article 2 of the D.C. Uniform Commercial Code.  *See* D.C. Code §§ 28:2-314-318.  The District of Columbia provides for an implied warranty of fitness for particular purpose "where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to selector furnish suitable goods." D.C. Code § 28:3-315; *see also Quality Air Servs.,*

*LLC v. Milwaukee Valve Co., Inc.*, 671 F. Supp. 2d 36, 43 (D.D.C. 2009) ("A seller's knowledge of a buyer's particular purpose and its reliance on the expertise of the seller is a necessary element of an implied warranty of fitness for a particular purpose."); *Mouzon v. Radiancy, Inc.*, 85 F. Supp. 3d 361, 386 (D.D.C. 2015 (holding same); *Jenkins v. Wash. Metro. Area Transit Auth.*, 793 F. Supp. 2d 133, 151 n.22 (D.D.C 2011) (recognizing same).

      The scope of the implied warranty[1] is limited and only extends to a third-party beneficiary who is "a natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." D.C. Code § 28:-318. No other carve-out in the D.C. Code is provided regarding the extension of implied warranties to third-party beneficiaries.

      Plaintiff's implied warranty claim is precluded based on deficiencies similar to those faced by the plaintiff in *Quality Air*. Quality Air, the plaintiff, was in the business of repairing heating, ventilation, and air conditioning ("HVAC") units. *Quality Air*, 671 F. Supp. 2d at 39. The plaintiff alleged the defendant-manufacture breached its implied warranty regarding certain HVAC components when the same experienced a number of failures, resulting in building leaks and flooding. *Id.* However, Quality Air did not purchase the components directly from the defendant, but, instead, from a third-party wholesale distributor. *Id.*

      The court granted dismissal of the implied warranty count based on the absence of any direct dealings between Quality Air and defendant. *Id.* at 43. Further, no evidence supported the prerequisite imposed by the D.C. Code requiring evidence of "seller's knowledge of a buyer's

---

[1] For the sake of brevity, references to "implied warranty" provided herein refer to the implied warranty of fitness for particular purpose; Plaintiff does not claim a breach of the implied warranty of merchantability.

particular purpose and its reliance on the expertise of the seller." *Id.* (citing D.C. Code § 28:2-315).  "[I]t is settled law that [t]he need to establish specific knowledge on the part of the seller often may create a near requirement of direct dealing, if not actual privity."' *Quality Air*, 671 F. Supp. at 43 (alteration in original) (internal quotations omitted) (quoting *Ford Motor Co. v. General Accident Ins. Co.*, 365 Md. 321, 343-44 (2001)).  As such, the "warranty of fitness theory is usually not available against a remote manufacturer, who would have no reason to know of any special use to which the buyer would put the goods." *Quality Air*, 671 F. Supp. at 43 (internal quotations omitted).

Based on the D.C. Code and established case precedent, Plaintiff's implied warranty claim is unsustainable.  Indeed, the relationship between Ms. Drew and Goo Gone is even more attenuated than in *Quality Air*.  Unlike Quality Air, Plaintiff does not allege its insured purchased, used, or had any interaction with Weiman, or even the Goo Gone at issue. *See* Am. Compl. ¶¶ 57–65.  As it is not alleged Ms. Drew purchased the product, her claims fail, *inter alia*, for want of privity as she cannot allege any contractual relationship with Weiman.  *See id.*  Plaintiff argues, "a product's fitness for particular purpose is not hindered whether the purchaser used the product at their property or property owned by others." *See* Plaintiff's Response to Defendant Weiman Products LLC's Motion to Dismiss Plaintiff's Complaint at 3 (ECF No. 26).  This is wholly irrelevant to the matter at hand. Nowhere in Plaintiff's Amended Complaint does Plaintiff contend how this argument would allow for an extension of an implied warranty to Plaintiff.  Plaintiff's implied warranty claim is not hindered because of *where* the Goo Gone was used, but rather because of Plaintiff's failure to plead any possible way Ms. Drew would be a beneficiary of an implied warranty from Goo Gone under the D.C. Code.

Further, Plaintiff's Amended Complaint is devoid of any fact suggesting—or implying—

that Weiman knew of the particular purpose of Green, his employees, or representatives' intended use of the Goo Gone. *See Quality Air*, 671 F. Supp. 2d at 39 (dismissing breach of implied warranty of fitness for particular purpose claim for lack of evidence regarding knowledge by the seller-defendant of the purchaser-plaintiff's particular used of the goods at issue). At most Plaintiff alleges "*Plaintiff* relied on Weiman's skill, judgment and implied warranty of fitness for a particular purpose . . . ." Am. Compl. ¶ 65 (emphasis added). Not only is Paragraph 65 conclusory, but it is indisputably erroneous. Plaintiff, as Ms. Drew's insurer, could not be plausibly involved in the facts giving rise to this claim as it only served as a subrogee. *See id.* ¶ 2. Factual inconsistencies aside, Plaintiff does not set forth any circumstances of Ms. Drew's reliance on a representation made by Weiman. *See generally id.* Plaintiff's reliance allegation is directly contradicted by the fact that Green—not Ms. Drew—possessed the Goo Gone at issue. *See id* ¶ 14.

Further, Green's intended use of the Goo Gone is not set forth. While Plaintiff alleges two of Green's workers used Goo Gone "to clean up the epoxy that was on the floor at the Property," the Complaint is devoid of allegations as to its intended use. *See id.* ¶ 14. And the Plaintiff falls short of alleging that Green employed Goo Gone at the time of the fire. *See id.* ¶ 17. Plaintiff only alleges Green's employees and/or representative "noticed a flame" "while cleaning up." *See id* ¶ 16. The Amended Complaint is nonspecific as to what is meant by "cleaning up," as Green's construction work likely required other methods of cleaning aside from removing epoxy from the floor. *See id.* ¶¶ 12-13.

Additionally, no facts identify the seller of the Goo Gone. Regardless of whether Plaintiff amends its claim to allege that Green purchased Goo Gone from Weiman—it did not—Plaintiff's implied warranty claim will still remain fatally deficient. Plaintiff cannot allege *Ms. Drew*

10

purchased the Goo Gone from Weiman, and, therefore, cannot assert that she communicated the particular purpose of its use.

Accordingly, Plaintiff's implied warranty claim must be dismissed as it fails to satisfy any element of the applicable standard.

## **CONCLUSION**

For the foregoing reasons, Defendant Weiman Products LLC respectfully requests that the Court grant the instant motion and dismiss Plaintiff's claims against Weiman in their entirety, with prejudice, and any further relief it deems just and appropriate.

Dated: June 4, 2020

                Respectfully submitted,

                /s/ Patrick K. Burns_____
                Patrick K. Burns (Bar No. 1005930)
                Philip T. Abbruscato (Bar No. 1656066)
                GORDON REES SCULLY MANSUKHANI LLP
                1101 King Street Suite 520
                Alexandria, VA 22314
                (202) 399-1009
                (202) 800-2999 (Facsimile)
                pburns@grsm.com
                pabbruscato@grsm.com

                Jay Philip Lefkowitz  (Bar No. 449280)
                KIRKLAND & ELLIS LLP
                601 Lexington Avenue
                Suite 35th Floor
                New York, NY 10022
                (212) 446-4970
                (212) 446-6460 (Facsimile)
                lefkowitz@kirkland.com

                *Counsel for Defendant Weiman Products LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 4, 2020 I electronically filed the foregoing with this Court's CM/ECF system, which will send a notification of such filing to the following:

Mark J. Stiller, Esq. (Bar No. 1007540)
Niles, Barton & Wilmer, LLC
111 S. Calvert Street, Suite 1400
Baltimore, MD 21202
(410) 783-6361
(410) 783-6491 (Facsimile)
mjstiller@nilesbarton.com

*Counsel for Plaintiff*

Jon Herman, Esq.
Bowman and Brooke LLP
1064 Greenwood Blvd., Suite 212
Lake Mary, FL 32746
(407) 586-7606
jon.herman@bowmanandbrooke.com

*Counsel for Defendant W.M. Barr & Company, Inc.*

      I hereby certify that on June 4, 2020 I sent the foregoing of such filing to the following via U.S. Mail:

Uptown Office, Inc. d/b/a Robert Green
2903 Georgia Ave, NW
Washington, DC 20001

                                            /s/ Patrick K. Burns
                                            Patrick K. Burns