**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERIE INSURANCE COMPANY a/s/o : | |
| CONSTANCE DREW, : | |
| : | |
| Plaintiff, : | Civil Action No.: 20-0917 (RC) |
| : | |
| v. : | Re Document Nos.: 18, 22, 27, 28 |
| : | |
| W.M. BARR & COMPANY, INC., : | |
| WEIMAN PRODUCTS, LLC, and : | |
| UPTOWN OFFICE INC. D/B/A ROBERT : | |
| GREEN, : | |
| : | |
| Defendants. : | |

<u>**MEMORANDUM OPINION**</u>

**DENYING AS MOOT DEFENDANT W.M. BARR & COMPANY, INC.'S MOTION TO DISMISS COMPLAINT; DENYING AS MOOT DEFENDANT WEIMAN PRODUCTS LLC'S MOTION TO DISMISS COMPLAINT; GRANTING IN PART AND DENYING IN PART DEFENDANT W.M. BARR & COMPANY, INC.'S MOTION TO DISMISS AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART DEFENDANT WEIMAN PRODUCTS LLC'S MOTION TO DISMISS AMENDED COMPLAINT**

**I.  INTRODUCTION**

Plaintiff Erie Insurance Company, on behalf of its subrogee Constance Drew, has brought this action against W.M. Barr & Company, Inc., Weiman Products LLC, and Uptown Office Inc., doing business as Robert Green.  Erie alleges that Defendants' negligence caused an explosion at Ms. Drew's rental home, resulting in significant property damage.  W.M. Barr & Company, Inc. and Weiman Products LLC have each moved to dismiss, contending that Erie has failed to state a claim of negligence or a breach of an implied warranty of fitness for a particular purpose against either entity.  For the reasons stated below, the Court finds that while the Amended Complaint properly states a negligence claim against W.M Barr & Company, Inc. and

Weiman Products LLC, its implied warranty of fitness for a particular purpose claims must be dismissed for failure to state a claim upon which relief can be granted.

## II.  FACTUAL BACKGROUND[1]

Plaintiff Erie Insurance Company ("Erie") has filed the instant action as a subrogee of Constance Drew, pursuant to the insurance policy between them.  Am. Compl. ¶¶ 19–20, ECF No. 24.  Erie asserts that Ms. Drew suffered damages in the amount of $149,352.19 at her Washington D.C. rental property due to an explosion that occurred while repairs were being made to the property.  *Id.*  Erie has reimbursed Ms. Drew for the full amount of these damages.  *Id.*  It now seeks to recover this amount from the defendants, who include W.M. Barr & Company, Inc. ("Barr"), a Tennessee corporation that manufactures commercial and residential cleaning products, *id.* ¶ 5, Weiman Products LLC ("Weiman") a Delaware limited liability company that also manufactures commercial and residential cleaning products, *id.* ¶¶ 7–8, and Defendant Uptown Office Inc., doing business as Robert Green ("Green"), a sole proprietor engaged in residential construction and renovation located in Washington D.C., *id.* ¶¶ 9–10.  Erie contends that each of the defendants is liable for the explosion that damaged Ms. Drew's rental property.

### A.  The Explosion

In the summer of 2018, Ms. Drew's rental property in Washington D.C. began to experience water leakage in its basement.  Am. Compl. ¶ 11.  She hired Green "to perform repairs and renovations to the exterior and interior walls of the [p]roperty as a result of water intrusion."  *Id.* ¶ 12.  Green repaired the leak, and then coated the interior basement walls with

---

[1] On a motion to dismiss for failure to state a claim, the Court accepts as true the factual allegations in the complaint and construes them liberally in the Plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

exterior epoxy that was not designated for indoor use. *Id.* ¶ 13. Next, he directed his staff to use Klean Strip Acetone, a product manufactured by Barr, and Goo Gone 24oz Original Spray Gel, a product manufactured by Weiman, to "clean up the epoxy" that remained on the floor. *Id.* ¶ 14. Green assisted with the application of these products to the walls and floor of the property. *Id.* ¶ 15. During this cleaning process, Green and or his employees noticed a flame—and then an explosion occurred. *Id.* ¶ 16.

Upon Erie's information and belief, the explosion "was caused when the fumes, gases, byproducts and contents of the Klean Strip Acetone . . . and Goo Gone 24oz Original Spray Gel . . . were ignited by the activation of an electrical circuit or open flame within the mechanical equipment" of the basement. *Id.* ¶ 17. The explosion caused damages to the recently made repairs of Ms. Drew's property, and also blew out the property's windows. *Id.* ¶ 18. Erie alleges that as a direct and proximate result of this explosion, Ms. Drew "sustained real and personal property losses and damages in the amount of $149,352.19. *Id.* ¶ 19. Pursuant to Erie's insurance policy with Ms. Drew, it has already reimbursed her for this full amount of damages and asserts that it is fully subrogated to Ms. Drew's right of recovery against Defendants. *Id.* ¶ 20.

### B. The Current Action

Erie initially filed this action in the Superior Court for the District of Columbia on March 2, 2020. The case was removed to this Court on April 6, 2020, on diversity jurisdiction grounds. *Id.* ¶ 57. A little over a month later, Defendant Barr and Defendant Weiman filed separate motions to dismiss the original complaint. *See* Def. W.M. Barr & Company, Inc.'s Mot. to Dismiss Counts I and IV of Pl.'s Compl., ECF No. 18; Def. Weiman Products LLC's Mot. to Dismiss Pl.'s Compl, ECF No. 22. Erie responded by filing an Amended Complaint on May 21,

2010, *see* Am. Compl*.*, ECF No. 24*,* and requesting that the Court deny Defendant Barr and Defendant Weiman's motions to dismiss as moot.  *See* Pl.'s Resp. to Def. W.M. Barr & Company, Inc.'s Mot. to Dismiss Counts I and IV of Pl.'s Compl., ECF No. 25; Pl's Resp. to Def. Weiman Products LLC's Mot. to Dismiss Pl.'s Compl., ECF No. 26.  Given that the original complaint is no longer operative, the Court agrees and accordingly will deny as moot Defendant Barr and Defendant Weiman's motions to dismiss Erie's First Complaint.

Erie's Amended Complaint asserts that Barr, Weiman, and Green, through their "negligence and negligent acts and/or omissions" caused the explosion and resultant damages to Ms. Drew's property.  Am. Compl. ¶¶ 21–47 (Counts I–III).  In addition, Erie claims that Barr and Weiman violated a duty to Ms. Drew to "exercise due care in the manufacturing and application instructions and guidelines" provided with their products.  Am. Compl. ¶¶ 23, 32.  Erie also brings a breach of implied warranty of fitness for a particular purpose claim against Barr and Weiman concerning the use of their products in the explosion.  Am. Compl.  ¶¶ 48–65.

Two motions to dismiss are currently before the Court.   On June 4, 2020, Barr again moved to dismiss the relevant counts against it in the Amended Complaint.  *See* Def. Barr's Mot. Dismiss Counts I and IV of Pl.'s Am. Compl. ("Barr's Mot."), ECF No. 27.  On the same day, Weiman filed its own motion to dismiss targeting the claims brought against it.  *See* Mot. to Dismiss for Failure to State a Claim ("Weiman's Mot."), ECF No. 28.  Both motions are opposed (in near-identical briefing) by Erie.  *See* Pl.'s Resp. Mem. Opp'n Defs.' Mot. Dismiss Pls.' Am. Compl. ("Pl.'s Barr Opp'n"), ECF No. 30; Pl.'s Resp. Mem. Opp'n Def's Mot. Dismiss Pl.'s Am. Compl. ("Pl.'s Weiman Opp'n), ECF No. 29.  Both Barr and Weiman have filed a reply. *See* Def. Weiman's Reply Supp. Mot. Dismiss Pl.'s Am. Compl. ("Weiman Reply"), ECF No.

31; Def. Barr Reply Supp. Mot. Dismiss Counts I and IV of Pl.'s Am. Compl. ("Barr Reply"), ECF No. 32.  These two motions are now ripe for consideration.

### III.  LEGAL STANDARD

To prevail on a motion to dismiss for failure to state a claim, a plaintiff need only provide a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits, but rather "tests the legal sufficiency of a complaint" by asking whether the plaintiff has properly stated a claim for which relief can be granted. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In considering such a motion, the complaint must be construed "liberally in the plaintiff's favor with the benefit of all reasonable inferences derived from the facts alleged." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.  Moreover, a court is not obligated to accept a plaintiff's legal

5

conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555.

"In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Schl.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## IV.  ANALYSIS

Defendants Barr and Weiman have moved for dismissal on largely identical grounds. Defendant Barr, the manufacturer of Klean Strip Acetone, seeks to dismiss the relevant counts of Erie's Amended Complaint against it for failure to state a claim. Defendant Weiman, the manufacturer of Goo Be Gone, has done the same. All relevant arguments are addressed below.

### A.  Erie's Negligence Claims Against Defendants Barr (Count I) and Weiman (Count II) Survive

#### 1.  Legal Standard

In the District of Columbia, to properly establish a negligence claim, "a plaintiff must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Sigmund v. Starwood Urban Retail VI, LLC*, 617 F.3d 512, 514 (D.C. Cir. 2010) (quoting *Dist. of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 641 (D.C. 2005) (en banc).[2]  The "essential element of [such] a negligence claim under District of Columbia law" is "[t]he existence of a legal duty." *Simms v. Dist. of Columbia*, 699 F. Supp. 2d 217, 227 (D.D.C. 2010) (internal

---

[2] Because Erie has brought this suit based on diversity of citizenship under 28 U.S.C. § 1332, the Court is required to apply the substantive tort law of the District of Columbia. *See Smith v. Wash. Sheraton Corp.*, 135 F.3d 779, 782 (D.C. Cir. 1998).

quotation omitted). Accordingly, to state a valid negligence claim, a "plaintiff must allege facts which show that the defendant breached some legally imposed duty owed to the plaintiff." *Id.* (quoting *Dist. of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982)).

There are three types of product liability claims that can be brought in the District of Columbia: manufacturing defect, design defect, and failure to warn. *See Rollins v. Wackenhut Servs.*, 802 F. Supp. 2d 111, 122 (D.D.C. 2011). Erie concedes in its opposition brief that only its claims brought under a negligent failure to warn theory are viable based on the facts of this case. Pl.'s Barr Opp'n at 2; Pl.'s Weiman Opp'n at 2.[3] Claims concerning a failure to warn about a product's foreseeable harm can be brought in the District of Columbia premised on either a negligence or strict liability theory. *See Russell v. G. A. F. Corp.*, 422 A.2d 989, 990 (D.C. 1980) (collecting cases). Erie's Amended Complaint explicitly labels its claims as sounding in negligence, so it is under this theory that the Court will proceed.

Under District of Columbia law, the elements of a negligent failure to warn claim are that: "(1) the defendant had a duty to warn, *i.e.,* knew or should have known of the risk of a reasonably foreseeable harm from the product in question; (2) the defendant breached that duty, *i.e.,* the warning label was inadequate in that it failed to advise the user of the attendant risks and failed to provide specific directions for safe use; and (3) the breach proximately caused the plaintiff's injury, *i.e.,* defendant's failure to provide an adequate warning was a substantial factor in bringing about the harm at issue." *Fuller v. Chem. Specialties Mfg. Corp.*, 702 A.2d 1239, 1241 (D.C. 1997); *see also East Penn Mfg. Co. v. Pineda,* 578 A.2d 1113, 1118 (D.C. App.

---

[3] In its Amended Complaint, Erie asserts that both Barr and Weiman failed to "properly manufacture" their products. Am. Compl. ¶¶ 24(a), 33(a). Because Erie fails to allege *any* product defect in either of the Goo Gone or Klean Strip Acetone products in question, the Court finds that Erie has properly concluded that it has not stated a valid design defect or manufacturing defect claim.

1990). "The duty of the manufacturer . . . is one of ordinary care." *Id.* This means that when the manufacturer knows of the risk or hazard associated with its product, liability attaches only if the manufacturer "failed to take the precautions that a reasonable person would take in presenting the product to the public." *MacPherson v. Searle & Co.*, 775 F. Supp. 417, 422 (D.D.C 1991) (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 99, at 697 (5th ed. 1984)). Furthermore, there can be no failure to warn if the product in question does not pose a danger to the public. *See Russell*, 422 A.2d at 991 (noting "[o]f course, there must be a danger to warn about.").

  2. Erie's Amended Complaint Properly States a Claim of Negligence Against Defendants Barr (Count I) and Weiman (Count II)

Defendants Barr and Weiman raise two arguments to contend that Erie has failed to plead the requisite elements to bring a claim of negligence against them. First, they posit that Erie cannot show any legal duty Barr or Weiman specifically owed to Ms. Drew and or Erie. Barr Mot. at 6; Weiman Reply at 2–3. Second, they argue that Erie cannot demonstrate that either of their products was the proximate cause of the explosion that caused Erie's injury. Barr Mot. at 8; Weiman Mot. at 6–7. The Court evaluates each argument in turn, and concludes that while Erie's pleadings are succinct, the Amended Complaint states a plausible claim for negligence against both defendants.

 *a. Erie has Properly Plead that Barr and Weiman Owed a Legal Duty to Ms. Drew and or Erie*

Count I and Count II of the Amended Complaint state that Barr and Weiman had a "duty to persons such as [Erie's] insured to exercise due care in the . . . application instructions and guidelines provided" with each product, "so as to avoid causing losses and other damages." Am. Compl. ¶¶ 23 (Barr), 32 (Weiman). Both manufacturer defendants argue that this pleading is

deficient as a matter of law because any legal duty owed extended only to the actual users of their products (in this case, Green and his staff), not to third parties such as Ms. Drew.  Barr Mot. at 6; Weiman Reply at 3 (contending that no duty to warn can exist "[b]ecause of the remote nature of the relationship between Weiman and Ms. Drew.").  The Court finds that this argument runs counter to the governing law on this issue and accordingly declines to grant Defendants' motions to dismiss on this ground.

Under D.C. law, a defendant "ha[s] a duty to warn . . . [when it] knew or should have known of the risk of a reasonably foreseeable harm from the product in question." *Fuller*, 702 A.2d at 1241.  Whether a duty to warn exists is a "threshold question" the Court must answer. *Payne v. Soft Sheen Prod., Inc.,* 486 A.2d 712, 721 (D.C. 1985).  The Restatement Second of Torts, which D.C. courts look to guide such analysis, states that a supplier of dangerous chattel has a legal duty to warn that typically extends to all whom the supplier or manufacturer "should expect to use the [product] . . . *or to be endangered by its probable use* . . ." Restatement 2d Torts § 388 (1965) (emphasis added).  This duty to warn requires that a supplier "give[s] to those who are to use the [product] the information . . . necessary to make its use safe for them *and those in the vicinity it is to be used.*" *Id.* cmt. g (emphasis added); *see also* § 10:7 *To whom should warnings be given?*, Prod. Liab.: Design and Mfg. Defects § 10:7 (2d ed.) (noting that "it has been held that a manufacturer or seller is liable for failure to warn third persons who might be considered nonusers of the product, but foreseeably might be subjected to danger.").  Ms. Drew, Erie's subrogee, meets the Restatement's definition of a person "in the vicinity" and subject to danger "by [the product's] probable use" in that it was her rental property that exploded following the use of Defendant Barr and Weiman's products after the alleged failure to

9

warn. Therefore, according to the Restatement, Erie is not barred from bringing this claim on Ms. Drew's behalf.

Admittedly, the question of if a supplier or manufacturer's duty to warn encompasses a non-user or bystander has not yet been addressed under District of Columbia law. However, other courts to consider the issue have concluded that a proper negligence claim can be brought in this situation. *See e.g., Bah v. Nordson Corp.*, No. 9-60, 2005 WL 1813023, at *15 (S.D.N.Y. Aug. 1, 2005) (allowing negligence claim to be brought against manufacturer by an employee harmed by another's use of glue dispensing machine, noting "New York Courts have allowed a failure to warn claim by a bystander plaintiff injured by a product produced by a defendant manufacturer but used by third parties."); *LaPaglia v. Sears Roebuck and Co., Inc.*, 143 A.D.2d 173, 177 (2d Dep't 1988) (bystander plaintiff allowed to bring failure to warn claim against manufacturer of lawnmower owned and driven by co-defendant that caused plaintiff's injury); *Cover v. Cohen*, 61 N.Y.2d at 274–75 (N.Y. 1984) (submitting to a jury bystander plaintiff's failure to warn claim against manufacturer of car driven by co-defendant); *see also Stringer v. Nat'l Football League*, 749 F. Supp. 2d 680, 704 (S.D. Ohio 2009) (rejecting argument that "product manufacturers have a duty to warn only foreseeable users of its products").

Defendants' arguments to the contrary are unconvincing in light of this authority. The only support Defendant Barr provides to argue that non-users are barred from bringing these types of claims is a brief citation to *Payne v. Soft–Sheen Products*, highlighting the passage that states that if a product's use "could result in foreseeable harm [the manufacturer] has a duty to give a warning which adequately advises the user of attendant risks and which provides specific directions for safe use." Barr Mot. at 6 (citing *Payne*, 486 A.2d at 721). Barr extrapolates that the reference to the product's "user" in this passage means that under D.C. law a manufacturer's

10

legal duty to warn is thus limited. Barr Mot. at 6. But this incomplete citation cannot do the work Barr wishes. The court in *Payne* simply applied the general rule from the Restatement to the particulars of that case, where the plaintiff was also the user of the product in question. But as previously discussed—and indeed, as the *Payne* court itself cites later in the same opinion—Section 388 of the Restatement extends a supplier's liability beyond users "to those whom the supplier should expect . . . to be endangered by its probable use." *Payne*, 486 A.2d at 721 n.7. Further emphasizing that the "user" language from the *Payne* opinion does not warrant the import placed on it by Defendant Barr, other D.C. court formulations of this rule have employed definitions that omit any reference to a product's "user." *See, e.g.*, *Russell*, 422 A.2d at 992 (concluding that a duty to warn exists when the evidence shows that the defendant "knew or should have known of a danger sufficiently serious to require a warning"); *Fuller*, 702 A.2d at 1241 (defining the scope of a defendant's duty to warn as when they "knew or should have known of the risk of a reasonably foreseeable harm from the product in question"). Therefore, the Court declines to grant Defendants' motions to dismiss on this ground.

        b. *Erie Adequately Pleads Proximate Cause to State a Valid Negligence Claim*

Defendants Barr and Weiman also argue that Erie's negligence claim fails for the independent reason that the Amended Complaint does not adequately allege proximate causation. Barr Mot. at 8; Weiman Mot. at 6. As previously discussed, to prove negligence under District of Columbia law, a plaintiff must establish that a defendant (1) owed a duty, (2) that duty was breached, and (3) that the breach proximately caused the injuries in question. Having established that Erie has plead the first two requirements, the Court will now examine if Erie has adequately alleged that Defendant Barr and Weiman's failure to warn proximately caused Ms. Drew's injury. Barr contends that "[Erie] has not plead any facts to connect any alleged negligence by

Barr as the proximate cause of the claimed property damage." Barr Mot. at 8.  Weiman similarly asserts that Erie puts forth nothing more than "conclusory assertions to draw a causal connection between Goo Gone and the explosion." Weiman Mot. at 6.[4]  A review of Erie's Amended Complaint, however, shows that this is simply not an accurate reflection of Erie's pleadings. Accordingly, the Court declines to grant either motion to dismiss on this ground.

Under District of Columbia law, "[t]o establish proximate cause, the plaintiff must present evidence from which a reasonable juror could find that there was a direct and substantial causal relationship between the defendant's breach of the standard of care and the plaintiff's injuries and that the injuries were foreseeable." *Dist. of Columbia v. Zukerberg*, 880 A.2d 276, 281 (D.C. 2005) (quoting *Dist. of Columbia v. Wilson*, 721 A.2d 591, 600 (D.C. 1998)).  Such a causal relationship can be established when the injury in question "is the natural and probable consequence of the negligent or wrongful act and ought to be foreseen in light of the circumstances." *Lacy v. Dist. of Columbia*, 424 A.2d 317, 320 (D.C. 1980).  Given this fact intensive analysis, "[q]uestions of proximate cause are usually questions of fact" to be resolved by the jury.  *Dist. of Columbia v. Carlson*, 793 A.2d 1285, 1288 (D.C. 2002).  "It is only in a

---

[4] Weiman seems to also argue (somewhat obliquely), that Erie has failed to allege sufficient facts to show that Weiman breached its duty to warn, by asserting that Erie "does not even bother to specify deficiencies with the Goo Gone warning label, or lack thereof, in its Amended Complaint." Weiman Mot. at 7.  But Erie does list a number of deficiencies regarding "improper" and "insufficient" instructions and specific dangers both Weiman and Barr failed to warn users about. Am. Compl. ¶¶ 24(b)-(l), 33(b)-(h).  Furthermore, when analyzing similar claims, courts have generally declined to require specific factual allegations about a product's warning label to survive a motion to dismiss. *See, e.g., Bohnenstiehl v. Wright Med. Grp., Inc.*, No. 4:13–cv–853, 2014 WL 319652, at *3 (E.D. Mo. Jan. 29, 2014) (denying defendant's motion to dismiss after disagreeing with defendant's argument that plaintiff was required to allege specific warnings given and corresponding deficiencies at motion to dismiss stage for failure to warn claim sounding in strict liability); *Redd v. DePuy Orthopaedics, Inc.*, 48 F. Supp. 3d 1261, 1270 (E.D. Mo. 2014) (finding claim properly stated even in the absence of allegations identifying "any particular warning language that [plaintiff] feels was missing or misleading," as the court found "it is clear [plaintiff] is alleging that the warning was deficient.").

case where the facts are undisputed and, considering every legitimate inference, only one conclusion may be drawn, that the trial court may rule as a matter of law on . . . proximate cause." *Wash. Metro. Area Transit Auth. v. Jones*, 443 A.2d 45, 50 (D.C. 1982) (en banc); *see also Dist. of Columbia v. Freeman*, 477 A.2d 713, 716 (D.C. App. 1984) (explaining that such a question only "becomes one of law . . . when the evidence . . . will not support a rational finding of proximate cause.").

Here, Erie has plead sufficient facts to establish a plausible claim of negligence by alleging that Barr and Weiman's failure to warn proximately caused the explosion. Erie's Amended Complaint asserts that Barr and Weiman failed to warn users of their products "of the dangers of fire and explosion," of "the dangers of using [the products] indoors," "of the need to properly ventilate" and "of the dangers of using [the products] . . . near an open flame." Am. Compl. ¶¶ 24 (Barr), 33 (Weiman). The Amended Complain then goes on to allege that "[t]he explosion loss of June 28, 2018 was a direct and proximate result of [Defendant's] careless and negligent conduct, acts and/or omissions, as averred above. *Id*. ¶¶ 26 (Barr), 35 (Weiman). Accordingly, as plead, the Court is able to ascertain Defendants' failure to warn as the "substantial and direct" causal link to Ms. Drew's resulting property damage.

Barr attempts to argue that the instant case is one of the "highly extraordinary" situations where the alleged chain of events is so attenuated the injury is unforeseeable, and thus this Court can conclude even at this preliminary stage that proximate cause is lacking. Barr Mot. at 8 (citing *Lacy*, 424 A.2d at 321 (noting a defendant can be relieved of liability for harm he actually caused "where the chain of events appears highly extraordinary in retrospect.") (internal citations omitted)). Barr posits that "the only substantial and direct causal link to [Erie's] property damage is the act or actions by Mr. Green," an intervening act which Defendant Barr asserts that

13

Erie "'may not look beyond . . . for his recovery.'" Barr Mot. at 8 (citing *Lacy*, 424 A.2d at 323). But this misunderstands the law. Indeed, the D.C. Court of Appeals has explained that, "[a]lthough the intervening act of another makes the causal connection between the defendant's negligence and the plaintiff's injury more attenuated, such an act does not by itself make the injury unforeseeable." *Majeska v. Dist. of Columbia*, 812 A.2d 948, 951 (D.C. 2002) (quoting *Carlson*, 793 A.2d at 1290). Defendants who have breached a duty are therefore held "responsible for the damages which result, despite the intervention of another's act in the chain of causation, if the danger of an intervening negligent . . . act should have been reasonably anticipated and protected against." *Id*. (quoting *Carlson*, 793 A.2d at 1290). As plead, it is foreseeable that a failure to warn a user of the flammability of Klean Strip Acetone and a resulting danger of fire and explosion could result in the explosion that occurred in this case.

Moreover, at the motion to dismiss stage, where "it is not absolutely clear that the defendant's negligence *could not* have been a proximate cause of the harm asserted by the plaintiff. . . the Court must deny [the plaintiff's] motion to dismiss . . ." *Bradley v. Nat'l Collegiate Athletic Ass'n*, 249 F. Supp. 3d 149, 168 (D.D.C. 2017) (emphasis added) (internal quotations and alterations omitted); *see also Beach TV Prop., Inc. v. Solomon,* 324 F. Supp. 3d 115, 127 (D.D.C. 2018) (noting substantive questions regarding proximate cause are "better addressed later, at the summary judgment stage, or perhaps after, with the benefit of a full record from discovery, including expert opinions."). Accordingly, at the pleading stage, Erie's claim is not so extraordinary as a matter of law that the Court can conclude that proximate cause does not exist. Therefore, the Court finds that Erie's negligence claims are sufficiently plead and Count One and Count Two of the Amended Complaint will not be dismissed.

### B. Erie's Amended Complaint Fails to State a Cognizable Claim for Breach of Implied Warranty of Fitness for a Particular Purpose Against Defendants Barr (Count III) and Weiman (Count IV)

Erie also brings claims against Defendants Barr and Weiman alleging that both entities breached an implied warranty of fitness for a particular purpose. These claims are functionally identical, and both manufacturer defendants rely on similar arguments to argue for dismissal. Accordingly, the Court will analyze both claims together, and for the reasons detailed below, concludes that both claims must be dismissed.

1. Legal Standard

The D.C. Uniform Commercial Code provides that an implied warranty of fitness for particular purpose is available "where the seller at the time of contracting [(1)] has reason to know any particular purpose for which the goods are required *and* [(2)] that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." D.C. Code § 28:3-315 (emphasis added). These two requirements "often may create a near requirement of direct dealing, if not actual privity" between the buyer and seller. *Quality Air Servs., LLC v. Milwaukee Valve Co.*, 671 F. Supp. 2d 36, 42–43 (D.D.C. 2009) (citing *Ford Motor Co. v. Gen. Accident Ins. Co.*, 365 Md. 321, 343–44, 779 A.2d 362 (2001)). As such, "[t]he warranty of fitness theory is usually not available against a remote manufacturer, who would have no reason to know of any special use to which the buyer would put the goods[.]" *Id.* (concluding that such a warranty was "not applicable in this case because there is no evidence of any direct dealing between [the relevant parties].").

2.  The Court Dismisses the Breach of Implied Warranty of Fitness for a Particular Purpose Claims Against Defendant Barr (Count IV) and Defendant Weiman (Count V)

Barr argues that "[Erie] fails to state a cause of action for implied warranty of fitness for a particular purpose," Barr's Mot. at 9, while Weiman similarly asserts that '[Erie's] implied warranty claim is unsustainable," Weiman Mot. at 9.  The Court agrees that Erie has failed to state a valid claim against both defendants on these grounds, and consequently will dismiss both claims.

Erie's claims of breach of an implied warranty of fitness for a particular purpose fail to meet both components of the statutory requirement.  First, Erie does not allege that Barr or Weiman knew or had reason to know of "any particular purpose for which the goods [were] required . . ." D.C. Code 28:3-315.  Erie fails to plead this first requirement against either defendant in even a conclusory manner, dooming the claims.  This deficiency likely stems from the lack of direct dealing in this case.  Given that Erie does not allege otherwise, it appears that Barr and Weiman are precisely the type of "remote manufacturer" that "would have no reason to know of any special use to which the buyer would put the goods." *Quality Air Servs.*, 671 F. Supp. 2d at 42–43.  This pleading failure alone is enough to dismiss this count, as without this allegation Erie has not properly "state[d] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

But Erie's pleading failures continue.  Second, it fails to provide any factual basis for its conclusory allegation that the second prong of D.C. Code § 28:3-315 is met.  Erie alleges that Ms. Drew "relied on [Barr and Weiman's] skill, judgment and implied warrant of fitness for a particular purpose . . ." with respect to the Klean Strip Acetone and Goo Be Gone.  Am. Compl. ¶¶ 52 (Barr), 61 (Weiman).  A pleading such as this, that offers only "[t]hreadbare recitals of the

16

elements of a cause of action, supported by mere conclusory statements" is insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. And this allegation is not just conclusory, but it is also directly undermined by the factual content of Erie's Amended Complaint. For it was Defendant Green, not Erie or Ms. Drew, who is alleged to have been the user of the Goo Be Gone and the Klean Stripe Acetone products. Am. Compl. ¶ 15. And given that neither plaintiff is alleged to have been involved in the products' purchase or use, they could not have relied on Defendant Barr or Weiman's skill or judgment when selecting these products. Erie thus fails to fulfill the second requirement to show a breach of an implied warranty of fitness for a particular purpose.

Erie is unable to muster much in the way of a rebuttal. It acknowledges that "[w]hile normally the warranty of fitness is not available against a remote manufacturer who has no reason to know of any special use of the goods," it then posits, without any supporting authority, that "the opposite should also be true . . . [and] [a] manufacturer who knows the manner in which his goods will be used and by whom should not escape liability." Pl.'s Barr Opp'n at 5; Pl.'s Weiman Opp'n at 5. But Erie cannot meet this test. As previously detailed, Erie has failed to plead that Barr or Weiman had any knowledge as to the manner or use of their products in this case or that either knew who would be using the products. Accordingly, these claims must be dismissed.

### C. Leave to Amend

After essentially conceding that its claim for breach of implied warranty of fitness for a particular purpose cannot proceed, Erie moves for leave to amend to assert a claim for a "breach of warranty of merchantability." Pl.'s Barr Opp'n at 6; Pl.'s Weiman Opp'n at 6. For the reasons detailed below, the Court cannot grant this request.

Under the Federal Rules of Civil Procedure, a party "may amend its pleading once as a matter of course" within 21 days after service of a responsive motion under Rule 12(b), Fed. R. Civ. P. 15(a)(1)(B), as Erie has already done here.  *See generally* Am. Compl.  After this point, the plaintiff may amend his or her complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The grant or denial of leave to amend lies in the sound discretion of the district court and should be "freely given when justice so requires."  *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Accordingly, courts in this district deny leave to amend only for sufficient reasons such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments.  *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).

The Court declines to grant leave to amend to Erie on the grounds that such amendment would be futile.  Under D.C. Code § 28:2-318, implied warranties extend only to the purchaser of a product and any "natural person who is in the family or household of [the] buyer or who is a guest in his home . . ."  D.C. Code § 28:2-318.  Neither Ms. Drew nor Erie can properly be included in such a definition, given that neither was the purchaser of the products nor are they part of Green, the purchaser's household or a guest in his home.  The Court accordingly denies Erie's request for leave to amend given that such an amendment would be futile.

## V.  CONCLUSION

For the foregoing reasons, Defendant Barr and Defendant Weiman's motions to dismiss the Complaint (ECF Nos. 18 & 22) are **DENIED AS MOOT**, Defendant Barr's motion to dismiss the Amended Complaint (ECF No. 27) is **GRANTED IN PART and DENIED IN PART**, Defendant Weiman's motion to dismiss the Amended Complaint (ECF No. 28) is

**GRANTED IN PART and DENIED IN PART**, and Plaintiff is **DENIED LEAVE TO AMEND.** An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: March 5, 2021                                                            RUDOLPH CONTRERAS
                                                                                                United States District Judge